## INTERNATIONAL WORKERS ORDER, Inc. v. CLARK, Attorney General et al.
### No. 2348–48.

United States District Court
District of Columbia. Civil Division.

April 12, 1949.

---

Lee Pressman, New York City, Allan Rosenberg, Washington, D. C., for International Workers Union.

874

Morris Shafritz, Philadelphia, Pa., for Arthur L. Drayton.

A. Harry Levitan, Philadelphia, Pa., for Evelyn Bornstein.

George Morris Fay, U. S. Atty., Stafford R. Grady, Asst. U. S. Atty., Ross O'Donoghue, Joseph M. Howard, John P. Burke, Washington, D. C., Richard E. Guggenheim, Atty. Dept. of Justice, Washington, D. C., for defendants.

McGUIRE, District Judge.

*Motion to dismiss granted.*

■■ Plaintiff has no standing to sue. It is hornbook law that in order to maintain an action of an equitable character, plaintiff must show unlawful invasion of some legally protected right. Stark v. Wickard, 1944, 321 U.S. 288, 64 S.Ct. 559, 88 L.Ed. 733. And it is equally true that not all governmental action, harmful though it admittedly may be to particular individuals, is susceptible of judicial review. Perkins v. Lukens Steel Co., 310 U.S. 113, 125, 60 S.Ct. 869, 84 L.Ed. 1108; Tennessee Electric Power Company v. T.V.A., 306 U.S. 118, 137, 59 S.Ct. 366, 83 L.Ed. 543, and see particularly Standard Computing Scale Company v. Farrell, 249 U.S. 571, 39 S.Ct. 380, 63 L.Ed. 780.

Columbia Broadcasting System v. U.S., 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563, relied upon heavily by the plaintiff is distinguishable. There the Court held that the administrative exercise of rule-making power which purports to establish *controlling* (italics supplied) criteria for future administrative action is present regulation and reviewable as such under the Urgent Deficiencies Act. The Attorney General's action here establishes no such criteria. It merely sets up an evidentiary rule. See generally, Employers Group v. National War Labor Board, 1944, 79 U.S.App. D.C. 105, 143 F.2d 145, the language on page 151 being particularly pertinent: "Appellants' demand that we annul and enjoin the Board's order therefore amounts to a demand that we prevent the Board from giving the President advice which appellants contend would be erroneous. A court might as well be asked to prevent the Secretary of

State or the Attorney General from giving alleged erroneous advice. * * *" See also, United States v. Los Angeles & S. L. Railroad Co., 273 U.S. 299, 310, 311, 312, 47 S.Ct. 413, 71 L.Ed. 651.

The motion for leave to intervene and to add defendants is denied.

Counsel will prepare proper Order.